LOCAL UNION 1160, Millmen, affiliated with the United Brotherhood of Carpenters & Joiners of America, AFL–CIO, Plaintiff,

v.

BUSY BEAVER BUILDING CENTERS, INC., Defendant.

Civ. A. No. 84–2873.

United States District Court,
W.D. Pennsylvania.

Aug. 29, 1985.

Ronald L. Gilardi, Pittsburgh, Pa., for plaintiff.

Hayes C. Stover, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff filed this suit on behalf of one of its members, Frank Calcagno, defendant's former employee. Calcagno was suspended from employment on July 11, 1983. The suspension ultimately evolved into a dismissal. The matter proceeded to arbitration according to the party's labor agreement and the arbitrator upheld the dismissal. There is no dispute about the events at the heart of this matter, and both sides properly have moved for summary judgment.

## FACTS

Calcagno had worked at defendant's New Kensington Distribution Center for five years prior to his suspension on July 11, 1983. That day, Gary Swart, a Busy Beaver security employee, observed him delivering company merchandise which had not been paid for to another man. Later that day, Swart saw Calcagno collect payment for the materials at a local bar called

the Plug & Piston. Swart then asked Calcagno to step outside where he was informed of the company's action and accused of theft.

Based on this information, the company suspended Calcagno. At defendant's prompting, criminal charges were twice filed in the Court of Common Pleas. The first set was dismissed; nonjury trial on the second resulted in Calcagno's acquittal. At the same time Calcagno filed a grievance against the company regarding his suspension. Though he never received written notice of his discharge, all parties considered the suspension as such and do not contest its ultimate effect.

As provided by the collective bargaining agreement, the propriety of Calcagno's dismissal was decided by an arbitrator after a hearing. Citing the contract provisions establishing theft as a basis for dismissal,[1] the arbitrator upheld Busy Beaver's actions. The arbitrator's decision unquestionably hinged on testimony from defendant's security man about prior occasions when Calcagno had been overheard discussing the removal of merchandise from Busy Beaver's stock. See Complaint, Exhibit A at 8. The Union knew nothing about this earlier surveillance until Swart testified at the hearing. The issue here is whether the arbitrator properly considered this and other evidence.

## SCOPE OF REVIEW

■ In deference to a system of prompt, predictable, local settlement of day-to-day labor disputes, our scope of review is, as described by the Court of Appeals for the Third Circuit, "narrow in the extreme." *Amalgamated Meat Cutters v. Cross Brothers Meat Packers, Inc.* 518 F.2d 1113, 1121 (3d Cir.1975). According to 9 U.S.C. § 10, we may vacate an arbitrator's award only where there is fraud, corruption, partiality, or prejudicial misbehavior by the arbitrator. The Court of Appeals construes this standard as follows:

---

1. The relevant portions of the parties collective bargaining agreement are set out by the arbitrator in his opinion and need not be repeated here

since they are not disputed. See Complaint, Exhibit A at 1 and 2.

[t]he interpretation of labor arbitrators must not be disturbed so long as they are not in "manifest disregard" of the law, and that [raising the issue] "whether the arbitrators misconstrued a contract" does not open the award to judicial review.

Accordingly, we hold that a labor arbitrator's award does "draw its essence from the collective bargaining agreement" if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention. . . .

*Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123, 1128 (3rd Cir.1969).

We may not reweigh evidence or reexamine the weight or credibility of witness testimony. Our focus is on the arbitrator and the contract, not on the facts underlying the dispute. *Kane Gas Light & Heating Co. v. International Brotherhood of Firemen and Oilers,* 687 F.2d 673 (3rd Cir.1982). Inconsistency with public policy is another ground for reversing an arbitrator's decision, but this standard applies only where an award directly conflicts with federal or state law. 687 F.2d at 681.

## DISCUSSION

■ Plaintiff urges on us two reasons why the arbitrator's decision should be reversed as contrary to public policy. First, it claims that Busy Beaver intimidated one of its witnesses, an employee, into testifying against Calcagno at the arbitration hearing. The arbitrator addressed this argument in his opinion. He stated that "Mr. Siebott [defendant's witness] was apparently subjected to unwarranted criticism" for his prior testimony in the criminal proceedings. Plaintiff, tracking the statutory language, labels this as misbehavior and undue means. As for misbehavior, plaintiff overlooks the fact that this provision applies to the arbitrator's actions and not the parties'. As for undue means, we note that Siebott's testimony was not accorded substantial weight. Even if proven, we would have difficulty accepting the claim

that defendant "procured" a favorable decision with evidence which barely attracted the arbitrator's attention. Furthermore, plaintiff has not linked defendant's actions to corruption, partiality, or a violation of federal or state law.

Plaintiff's second argument for reversal is that defendant deliberately withheld any information about its prior surveillance of Calcagno. Calcagno allegedly had stolen building materials on other occasions and was overheard plotting his part in the events of July 11, 1983. Swart testified about these incidents at the arbitration hearing. There is no doubt that this testimony was decisive. See Complaint, Exhibit A at 8. Plaintiff contends that this failure to disclose material information, which the arbitrator called "sandbagging," violates the public policy of full disclosure.

■ As a general rule, an employer must provide a bargaining representative with information necessary for the performance of its duties. *NLRB v. Acme Industrial Co.,* 385 U.S. 432, 435–36, 87 S.Ct. 565, 567–68, 17 L.Ed.2d 495 (1967). Failure to provide such information may be a violation of the National Labor Relations Act. 29 U.S.C. § 158(a)(5) and (1); *New Jersey Bell Telephone Co. v. NLRB,* 720 F.2d 789 (3d Cir.1983). Here is a possible violation of federal law that lends support to plaintiff's otherwise unfounded allegation of a public policy violation. The general rule stated above, however, does not defeat the specific rule against our interference in an arbitrator's decision that can rationally be derived from the contract. The arbitrator considered defendant's nondisclosure and found that the Union was the party prejudiced because it might have declined to pursue the case to arbitration. If we could reach this conclusion in our review, we would agree: the prior disclosure of surveillance information, damaging as it was, would likely have led to a Union decision to accept the discharge. Thus, in the arbitrator's eyes, Calcagno had a better opportunity for full representation in the grievance process absent the undisclosed information. Under the circumstances,

this would be ample reason not to discredit Swart's testimony entirely.

CONCLUSION

■ The contract provisions regarding employee pilfering are plain. The arbitrator faithfully applied them to this case. He thoroughly considered defendant's failure to disclose material evidence and fashioned an appropriate remedy, payment of all costs by defendant. Plaintiff is no less than asking for an exclusionary rule in the labor setting: the wrongdoing employee would incur no penalty when the arbitrator considers allegedly improper evidence. In light of precedent and our limited authority we think it unwise to apply such a rule to labor arbitration under any circumstances. We recognize that an arbitrator's flexibility is indispensable for proper performance of his duties. Here, we find no evidence that he strayed from the bounds of the collective bargaining agreement or violated public policy.

### ORDER

Plaintiff's Motion for Summary Judgment is DENIED.

Defendant's Motion for Summary Judgment is GRANTED, and the Arbitrator's decision is AFFIRMED.